UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'   JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (Dkt. [14], filed January 29, 2021 )

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of March 15, 2021 is vacated and the matter is hereby taken under submission.

On October 21, 2020, plaintiff MidCap Funding XVIII Trust, as Assignee in Interest to GemCap Lending I, LLC filed this action against defendant CSC Logic, Inc. Dkt. 1. The complaint asserts ten claims against defendant for: (1)-(3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) gross negligence; (6) fraud; (7) aiding and abetting fraud; (8) tortious interference with contract; (9) tortious interference with prospective business advantage; and (10) declaratory relief. Id. Plaintiff is the Assignee of Interest of GemCap Lending I, LLC ("GemCap"), which entered into an Amended and Restated Loan and Security Agreement with Encore Park Fund 1, LLC ("EPF-1") on January 10, 2019. Id. ¶ 13. Plaintiff alleges that EPF-1, which is not a party to this action, contracted with defendant to outsource the cataloging of EPF-1's assets in connection with the loan agreement. Id. ¶ 17. In addition, defendant and GemCap allegedly entered into separate written Servicers Consent Agreements, which governed use and access to the data that defendant Logic prepared in connection with the loan. Id. ¶ 19-20. The gravamen of plaintiff's complaint is that a defect in defendant's software inflated the assets that EPF-1 presented as collateral, which caused GemCap to "overadvance" uncollateralized funds to EPF-1, and which EPF-1 is now unable to repay. See Id. ¶¶ 22-27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

On January 29, 2021, Defendant filed the instant motion to dismiss. Dkt. 14 ("Mot."). On February 22, 2021, plaintiff filed an opposition. Dkt. 18 ("Opp."). Defendant filed a reply on March 1, 2021. Dkt. 20 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### a. The Parties

Plaintiff MidCap Funding XVIII Trust is a Delaware Statutory Trust, with its principal place of business in Dublin, Ireland. Compl. ¶ 1. Plaintiff alleges that on August 28, 2020, it took assignment of all rights and remedies relating an asset-based commercial loan agreement between GemCap, plaintiff's predecessor in interest, and EPF-1. Id. ¶¶ 1, 9. GemCap is an asset based commercial lender that "typically funds loan advances on a revolving basis subject to a formula based on a percentage of value of available loan collateral. Id. ¶¶ 10, 12.

Defendant CSC Logic, Inc. is an information technology outsourcing services company. Id. ¶ 2. Defendant is a Texas corporation with headquarters in Tysons, Virginia and Plano, Texas. Dkt. 14-1, Declaration of Sue Starling ("Starling Decl.") ¶¶ 1-2; Compl. ¶ 2. Plaintiff alleges that defendant has "customers in the State of California," Compl. ¶ 2, and asserts that defendant has been registered to conduct business in California with the California Secretary of State since January 25, 2012. See Opp'n at 3, 7; Dkt. 19, Declaration of William A. Adams (Adams Decl.) ¶ 2. Nevertheless, plaintiff has no offices, employees, or other facilities in California and "[n]one of the loans CSC Logic services for [EPF-1] originated in California." Starling Decl. ¶¶ 3, 8.

### b. GemCap's Loan to EPF-1

Plaintiff alleges that EPF-1 initially entered into an asset-based commercial loan agreement with The Park National Bank ("Park"), which assigned its loan to GemCap on or about January 9, 2019. Compl. ¶¶ 13. GemCap and EPF-1 subsequently executed a January 10, 2019 Amended and Restated Loan and Security Agreement (the "Loan Agreement"), under which GemCap agreed to provide EPF-1 with an asset-based revolving loan facility in an amount up to $10 million. Id. ¶ 13, Exh. 1. Defendant is not a party to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'   JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

the Loan Agreement. Id. Plaintiff alleges that GemCap and EPF-1 executed the Loan Agreement in Malibu, California, and that plaintiff took assignment of GemCap's interest in the Loan Agreement on August 28, 2020. Id. ¶ 1.

Plaintiff alleges that GemCap typically funds loan advances on revolving asset-based facilities "subject to a formula based on a percentage of value of available loan collateral." Id. ¶ 12. To assess the borrower's available loan collateral, GemCap relies on "borrowing base certificates" submitted by the borrower, which delineate the borrower's available inventory, accounts receivable, and other assets, thereby "establishing that the borrower is entitled to receive funding in the requested amount." Id. Plaintiff alleges that when an inaccurate borrowing base certificate is submitted, "GemCap runs the risk of advancing funds that a borrower is not entitled to receive, creating an overadvance" and that EPF-1's loan agreement required immediate repayment of any such overadvance. Id. ¶ 16.

Plaintiff alleges that EPF-1 and defendant entered into a written Processing Agreement that called for defendant to service and track data related to EPF-1's retail installment loans, including EPF-1's Loan Agreement with GemCap. Id. ¶ 17. EPF-1 allegedly relied on defendant's data tracking services, as rendered through defendant's SHAWS software program, to prepare the borrowing base certificates that EPF-1 submitted to GemCap to request and secure loan advances. Id. ¶ 17. Plaintiff alleges that in approximately February 2019, defendant modified its SHAWS program in a manner that defendant "knew […] resulted in inaccurate reporting to EPF-1 as to the status and availability of secure loan collateral for the GemCap loan," but defendant did not inform GemCap or EPF-1 of the changes. Id. ¶ 22.

All of the borrowing base certificates that EPF-1 submitted to GemCap after February 2019, were allegedly "false and materially misleading" as a result of the inaccuracies in the SHAWS program. Id. Plaintiff alleges that, as a direct consequence of the inaccurate borrowing base certificates, GemCap advanced millions of dollars to EPF-1 that were uncollateralized, and that EPF-1 was unable to repay, which placed GemCap in "overadvance" on a secured loan with plaintiff. Id. ¶ 23, 25, 27. Plaintiff subsequently elected to foreclose on its own secured loan to GemCap. Id. 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

### c. Defendant's Agreements with GemCap and Park

In addition to its Processing Agreement with EPF-1, defendant allegedly entered into three contracts with GemCap and its predecessor, Park: (1) a November 14, 2014 "Servicer's Consent Agreement" between defendant and GemCap; (2) a September 22, 2016 "Custodian Agreement" between defendant, Park, and EPF-1; and (3) a September 22, 2016 "Servicer's Consent Agreement" between defendant and Park.[1] Id. at Exh. 3-5. Defendant executed each of those contracts in Texas, Starling Decl. ¶¶ 4-6, and all three contracts contained express provisions stating that they were governed by Texas law. Compl. Exh. 3-3, 4-8, 5-4.

Plaintiff alleges that the 2014 and 2016 Servicer's Consent Agreements memorialized GemCap and Park's rights to access and use data prepared by defendant in connection with the servicing of the EPF-1 loan. Id. ¶¶ 18, 20. Pursuant to the 2014 Servicer's Consent Agreement, defendant agreed that it would maintain the subject data and records "at its offices located at 8616 Freeport Parkway, Irving, Texas 75063." Id. Exh. 3-8. Under the Custodian Agreement, defendant allegedly agreed to maintain certain records and data for the benefit of EPF-1 and Park, to provide Park with authorized access to that data, and to assist in preparing reports based on that data. Id. ¶ 19.

Defendant now argues that plaintiff's claims should be dismissed for lack of personal jurisdiction, see Fed. R. Civ. P. 12(b)(2), for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), and alternatively because the Loan Agreement contains a mandatory arbitration provision.[2] See Mot. at 1.

---

[1] GemCap allegedly assumed the benefits of the Custodian Agreement and the 2016 Servicer's Consent Agreement from Park on January 9, 2019.

[2] Plaintiff also contends that defendant failed to fulfil its meet and confer obligations pursuant to Local Rule 7-3 before filing this motion, both because defendant did not present all of the grounds on which it intended to seek dismissal during the meet and confer, and because the meet and confer took place only two days before defendant filed its motion. Opp'n at 2-3. Plaintiff urges the Court to deny this motion for failure to comply with the local rules. Id. Defendant responds that it complied with the requirements of Local Rule 7-3. See Reply at 2. The Court will not wade into the factual details of this matter but admonishes the parties to abide by the Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

### III. LEGAL STANDARDS

#### A. Rule 12(b)(2)

When a defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of establishing that jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)). The plaintiff cannot simply rely on the "bare allegations" of its complaint; however, uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55. "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto, 539 F.3d at 1015. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

a. **General Jurisdiction**

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting International Shoe, 326 U.S. at 317). A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Otherwise, "[t]he standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" King v. Am. Family Mut. Ins. Co., 632 F.3d 570, 579 (9th Cir. 2011) (quoting International Shoe, 326 U.S. at 318). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Mavrix Photo. Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011).

b. **Specific Jurisdiction**

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

(2) The claim must arise out of or result from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable.

Rano, 987 F.2d at 588; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'   JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

In contracts cases, courts conduct a "purposeful availment" analysis to determine the first prong of the specific jurisdiction test. Id. Because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction," a court must evaluate four factors to determine whether purposeful availment has occurred: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478–79. A single contract for the sale of goods to a plaintiff in the forum state may be sufficient for specific jurisdiction over a defendant, but only where the contract creates a "substantial connection" with the forum state. Boschetto, 539 F.3d at 1017. "The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction," without more. Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

### B. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O' JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

## IV. DISCUSSION

### A. Personal Jurisdiction

#### a. General Jurisdiction

Defendant argues that it is not subject to general jurisdiction in California because "CSC Logic has no contacts with California suggesting it is even remotely 'at home' in this forum." Mot. at 9. Plaintiff appears to contend that defendant is subject to general jurisdiction in California because "service of process has been effected under California law." Opp'n at 4. Plaintiff does not otherwise argue that defendant is 'at home' in California. Id.

Where general jurisdiction is established, a court may hear any claim against that defendant—even where the suit-related events occurred outside the forum district. Bristol-Myers Squibb Co., 137 S. Ct. at 1780. For this reason, establishing general jurisdiction is a high bar. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. (citations omitted). A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Otherwise, "for general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts.'" Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223–24 (9th Cir. 2011) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).

Here, the Court cannot exercise general jurisdiction over defendant because defendant cannot fairly be regarded "at home" in California. Defendant is organized under the laws of Texas, maintains its headquarters in Virginia and its operational offices in Texas, and "has no offices, employees[,] or facilities in California." Starling Decl. ¶¶ 1-3. Defendant appears to concede that it is registered to do business as a foreign corporation in California and has designated an agent for service of process. See Reply at 6. However, the California Supreme Court has been clear that the "designation of an agent for service of process and qualification to do business in California" do not require corporations to consent to general jurisdiction and, "alone[,] are insufficient to permit general jurisdiction." Bristol-Myers Squibb Co. v. Superior Court, 1 Cal. 5th 783, 798, 377 P.3d 874, 884 (2016),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

rev'd on other grounds sub nom. Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017); see also AM Tr. v. UBS AG, 681 F. App'x 587, 588 (9th Cir. 2017) ("California does not require corporations to consent to general personal jurisdiction in that state when they designate an agent for service of process or register to do business."). Moreover, even assuming *arguendo* that defendant's agent accepted service of process in California, that is insufficient to establish personal jurisdiction because "tag jurisdiction exists only over natural persons who are physically present in a forum state" and does not apply to corporate entities. Martinez v. Aero Caribbean, 764 F.3d 1062, 1068 (9th Cir. 2014).

### b. Specific Jurisdiction

Defendant argues that it is not subject to specific personal jurisdiction in California because "Plaintiff has offered no facts that CSC Logic purposefully directed its activities at California, purposefully availed itself of the privilege of conducting activities in California, or that CSC Logic has any activities in California that would give rise to plaintiff's claim." Mot. at 9. Plaintiff contends that specific personal jurisdiction exists because "CSC Logic has sought and obtained the right to transact business in the State of California, and further agreed to accept service of process for legal actions in California." Opp'n at 7.

### i. Purposeful Availment

The first prong of the specific jurisdiction analysis requires that a non-resident defendant "purposefully avail [itself] of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws[.]" In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 741–42 (9th Cir. 2013) (internal citation omitted). For a case sounding in contract, "[a] showing that a defendant purposefully availed [itself] ... typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. "For tort-based claims, the Ninth Circuit has stated that a court may exercise personal jurisdiction over a defendant "whose only contact with the forum state is the purposeful direction of a foreign act having effect in the forum state." Healthcare Ally Mgmt. of California, LLC v. Med. Mut. of Ohio, No. 2:14-cv-09428-SJO-JEM, 2015 WL 12746216, at *5 (C.D. Cal. Jan. 26, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

    Here, in opposing dismissal, plaintiff argues that defendant has purposefully availed itself of the laws of California only because it "registered with California's Secretary of State in 2012" and has subsequently remained registered as an "active foreign corporation in good standing" in California. Opp'n at 6-7. As such, plaintiff contends that because defendant "has sought and obtained the right to transact business in the state of California" and "agreed to accept service of process for legal action initiated in California," it can be said to have purposefully created contacts with California. Id. at 5-7. Defendant argues that registering to do business or "registering an agent for service of process is not sufficient" to establish purposeful availament and further notes that "[p]laintiff does not argue that CSC Logic purposefully directed its activities at California." Reply at 6. Defendant does not dispute that it has been continually registered with the California Secretary of State Since 2012.

    Defendant's affirmative act of registering to do business in California in 2012, and continuous registration thereafter, is contact with California that purposefully "invoke[s] the benefits and protections of its laws." That conduct is sufficient to satisfy the purposeful availment requirement. See Bartel v. Tokyo Elec. Power Co., Inc., 371 F. Supp. 3d 769, 786 (S.D. Cal. 2019) (finding registration to do business in California met the purposeful availment requirement because it was "contact with the state which promotes business within the state") (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (the "purposeful availment" requirement is satisfied if the defendant "has taken deliberate action within the forum state or if he has created continuing obligations to forum residents")). Defendant argues that "registering an agent for service of process is not sufficient" to establish purposeful availment, relying on Nutrishare, Inc. v. BioRX, L.L.C., which found that compliance with a statute requiring registration with the California State Board of Pharmacy and appointment of an agent for service of process did not support specific jurisdiction. No. CVS-008-1252 WBS EFB, 2008 WL 3842946, at *6 (E.D. Cal. Aug. 14, 2008). However, Nutrishare is inapposite here because its reasoning is grounded on a finding that "defendant has never registered with the California Secretary of State, as it would be required to do if it were 'doing business in' California," as distinguished from cases "deal[ing] with a foreign corporation that had *registered to do business within* a particular state." Id. (emphasis in original). Accordingly, the Court finds that defendant's registration to do business in California supports a finding of purposeful availment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

Plaintiff does not appear to separately contend in its opposition that defendant has purposefully availed itself of the laws of California by entering into the contracts at issue in this dispute. See generally Opp'n. Nevertheless, the Court observes that neither the terms of the contracts nor the parties' course of dealing supports a finding of purposeful availment here. "A contract alone does not automatically establish minimum contacts in the plaintiff's home forum" absent "actions by the defendant *himself* that create a 'substantial connection' with the forum State." Picot v. Weston, 780 F.3d 1206, 1212 (9th Cir. 2015) (citations ommitted). As such, "courts consider 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine 'whether the defendant purposefully established minimum contacts within the forum.'" LocusPoint Networks, LLC v. D.T.V., LLC, No. 3:14-CV-01278-JSC, 2014 WL 3836792, at *4 (N.D. Cal. Aug. 1, 2014) (quoting Burger King, 471 U.S. at 479). Here, the allegations in the complaint that the Loan Agreement between GemCap and EPF-1 "was negotiated and consummated in Malibu, California" and specifies that disputes are to be resolved in Los Angeles do not support a finding of purposeful availment because defendant is not a party to the Loan Agreement. See Compl. ¶¶ 1, 7, Exh. 1.

Moreover, the three contracts that defendant is a party to also to do not support a finding that defendant has purposefully availed itself of California law. That is because each of those contracts was executed by defendant in Texas, contemplated performance in Texas, and included a Texas choice of law provision. See Mot. at 10; Starling Decl. ¶¶ 4-7. For example, although the 2014 Servicer's Consent Agreement listed GemCap's California address, the agreement specifically contemplated that defendant would maintain the subject data and records in Texas and would be governed by Texas law. See Compl. Exh. 3; see also NationalEFT, Inc. v. Checkgateway, L.L.C., No. 12CV1498-WQH-JMA, 2013 WL 593759, at *9 (S.D. Cal. Feb. 15, 2013) (no purposeful availment where the contract "d[id] not mention California except when listing Plaintiff's mailing address"). There is nothing in the record to indicate that the parties actual course of dealing has deviated from the conduct contemplated by the contracts. Accordingly, the contracts in dispute do not support a finding of purposeful availment.

As such, the Court proceeds to the next prong of the specific jurisdiction test to determine whether defendant's incorporation in California is related to Plaintiff's present claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

### ii.  Forum-Related Activities

The second prong of the specific personal jurisdiction analysis requires that plaintiff's claims arise out of, or relate to, defendant's forum-related activities. Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal citation omitted). The Ninth Circuit applies a "but for" test to determine whether claims relate to forum-related activities. Monster Energy Co. v. Vital Pharm., Inc., No. 5:18-cv-01882-JGB-SHK, 2019 WL 2619666, at *7 (C.D. Cal. May 20, 2019) (citing Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995)). Under this test, the question is: but for defendant's conduct in California, would plaintiff's claims have arisen? "[A]ny event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction." Feller, 2017 WL 6453262, at *6 (citing Dubose v. Bristol-Myers Squibb Co., No. 17-cv-00244-JST, 2017 WL 2775034, at *3 (N.D. Cal. June 27, 2017)).

Defendant contends that plaintiff has made no showing that there is a nexus between plaintiff's claims and defendant's California contacts. Reply at 7. To the contrary, defendant notes, "[p]laintiff does not argue that its claims would not arise but for CSC Logic's registration as a foreign corporation in California" and cites no other "California-related activities that would give rise to plaintiff's claims." Id.

The Court finds that plaintiff fails to demonstrate how its present claims are tied to or arise out of defendant's registration to do business in California. Plaintiff's claims arise out of the three contracts its predecessors entered into with defendant, which each contemplate performance in Texas and are governed by Texas law, and out of defendant's alleged tortious interference with plaintiff's separate contractual relationship with EPF-1, as governed by the Loan Agreement. See generally Compl. Plaintiff has made no showing that those claims arise out of or otherwise relate to defendant's California business registration. To the contrary, is appears that "but for" defendant's registration with the California Secretary of State, the parties would nevertheless have agreed that defendant would provide its data services in Texas and plaintiff would have been injured in the same manner by the alleged data errors, interference, and contractual breaches. See Bartel v. Tokyo Elec. Power Co., Inc., No. 17CV1671JLSJLB, 2018 WL 312701, at *6 (S.D. Cal. Jan. 5, 2018) (finding that "but for" defendant's business registration in California, "[p]laintiffs would have suffered their alleged injuries.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

Accordingly, the Court finds that plaintiff has failed to establish that but-for defendant's conduct in California, including defendant's registration as a foreign corporation with the California Secretary of State, plaintiff's claims would not have arisen. Because plaintiff has failed to satisfy the requirement that its claims "arise[] out of or relate[] to the defendant's forum related activities," it fails to establish that personal jurisdiction exists in California. Schwarzenegger, 374 F.3d at 802 (explaining that if the plaintiff fails to establish either purposeful availment or a nexus to a forum-related activity, "personal jurisdiction is not established in the forum state").

As such, the Court **GRANTS** defendant's motion to dismiss for lack of personal jurisdiction.

### c. Jurisdictional Discovery

Plaintiff maintains that it has satisfied its burden of establishing personal jurisdiction over defendant, but, in the alternative, requests that the Court permit it to conduct jurisdictional discovery. Opp'n at 7. In support of its request, plaintiff argues that defendant "does not state that it has no customers in California" and that because defendant's customer lists are within defendant's exclusive knowledge, discovery is appropriate. Id. Defendant opposes jurisdictional discovery, arguing that "whether or not CSC Logic has other customers in California is irrelevant to determine if specific personal jurisdiction applies to plaintiff's claims," and plaintiff has identified no other discovery that would establish personal jurisdiction. Reply at 8.

The Ninth Circuit has held that "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery ...." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (citing Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995) ). In contrast, "[d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (emphasis added) (citations omitted). "[A] refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction,'" Laub v. United States Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:20-cv-09648-CAS-RAOx | Date | March 12, 2021 |
|---|---|---|---|
| Title | MIDCAP FUNDING XVIII TRUST V. CSC LOGIC, INC. | | |

Here, the Court finds that plaintiff's request for jurisdictional discovery is based on an "attenuated" theory, such that the facts plaintiff is seeking through discovery would not be sufficient to establish personal jurisdiction. Specifically, plaintiff does not appear to contend that discovery will expose "continuous and systematic" business contacts with California, such that question of whether defendant has any customers in California would be relevant to the question of whether defendant—a Texas corporation—is "at home" in California for purposes of establishing general jurisdiction, and nothing in the record supports such a conclusion. See Goodyear, 564 U.S. at 919. Likewise, whether defendant has California customers other than plaintiff is irrelevant to the Court's specific jurisdiction analysis because contacts with other California customers cannot support the required "but for" nexus to plaintiff's claims. Payrovi v. LG Chem Am., Inc., No. 5:20-CV-04144-EJD, 2020 WL 5798375, at *7 (N.D. Cal. Sept. 29, 2020) (publication forthcoming) (denying request for jurisdictional discovery with respect to one of two defendants because "[f]urther discovery is unlikely to produce facts that show LGC Ltd.'s contacts with California were a but-for cause of Plaintiff's injuries, and is, therefore, unlikely to establish any basis for jurisdiction."). Accordingly, plaintiff's request for jurisdictional discovery is **DENIED**.

### B. Remaining Grounds for Dismissal

The Court concludes that personal jurisdiction is lacking. As such, it does not reach defendant's arguments that plaintiff's complaint fails to state a claim, MTD at 12, or that dismissal is appropriate because all claims in the dispute are subject to a binding arbitration agreement. Id. at 24

## V.   CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of personal jurisdiction.

2. The Court **DENIES** plaintiff's request for jurisdictional discovery.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |